IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01137-MSK-MJW

RUSSELL J. JOHNSON, and
JENNIFER JOHNSON,

Plaintiff(s),

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND JURY DEMAND (DOCKET NO. 40)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiffs' Motion for Leave to File Amended Complaint and Jury Demand (docket no. 40). The court has reviewed the subject motion (docket no. 40) and the response (docket no. 57). In addition the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AN CONCLUSIONS OF LAW**

I find that I have jurisdiction over the subject matter and over the parties to

this lawsuit.

I further find that venue is proper in the state and District of Colorado.

I further find that each party has been given a fair and adequate opportunity to

be heard on the subject motion (docket no. 40).

I further find that the subject motion (docket no. 40) is made after the deadline

for amendment of pleadings, and thus this court has applied the following analysis in

deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the
> scheduling order deadline, a "two-step analysis" is required.  Once a
> scheduling order's deadline for amendment has passed, a movant
> must first demonstrate to the court that it has "good cause" for seeking
> modification of the scheduling deadline under Rule 16(b).  If the movant
> satisfies Rule 16(b)'s "good cause" standard, it must then pass the
> requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more
> lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on
> the bad faith of the movant, or the prejudice to the opposing party.
> Rather, it focuses on the diligence of the party seeking leave to modify
> the scheduling order to permit the proposed amendment.  Properly
> construed, "good cause" means that the scheduling deadlines cannot
> be met despite a party's diligent efforts.  In other words, this court may
> "modify the schedule on a showing of good cause if [the deadline]
> cannot be met despite the diligence of the party seeking the extension."
> Carelessness is not compatible with a finding of diligence and offers no
> reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations

and citations omitted).  This court finds that the plaintiffs have satisfied this first step

in the analysis and have established good cause to extend the deadline within which

they may seek leave to amend the complaint.

The second step is consideration of whether the plaintiffs have satisfied the

3

standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the motion to amend (docket no. 40), this court finds that the proposed amendments should be permitted.  The court notes that no trial date has been set in this matter, and the final pretrial conference is set on October 1, 2009, at 9:00 a.m.  Moreover, the deadline to complete discovery is July 31, 2009.  In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to reopen discovery for a reasonable period beyond July 31, 2009, and to alter any other deadlines.  Id.  Thus, any prejudice that might arise from these amendments is capable of being cured.  Id.  Accordingly, the subject motion (docket no. 40) should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.    That Plaintiffs' Motion for Leave to File Amended Complaint and Jury Demand (docket no. 40) is **GRANTED**;

2.    That Plaintiffs' Amended Complaint and Jury Demand (docket no. 40-2) is accepted for filing as of the date of this Order; and

3.    That each party shall pay their own attorney fees and costs for

4

the subject motion (docket no. 40).

Done this 27th day of May 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE