IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-01137-MSK-MJW

RUSSELL J. JOHNSON and JENNIFER JOHNSON,

Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 75)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Compel Plaintiff's Production of Documents (docket no. 75). The court has reviewed the subject motion (docket no. 75), the Defendant's Supplement to the Subject Motion (docket no. 87), the response brief in opposition to Defendant's Motion to Compel Plaintiff's Production of Documents (docket no. 92), and the reply (docket no. 94). The court has further reviewed, *in camera*, the privilege log along with copies of the subject documents, all 271 pages, listed on the privilege log and has considered the legal basis for withholding these documents as outlined in the privilege log. *See* docket no. 97. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fulling informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs' claims in this case are predicated on the assertion that their claims in the underlying Wyoming Action (i.e., United States District Court for the District of Wyoming Civil Action No. 04-cv-209-B) would have yielded a greater result if certain taillight assemblies had not been lost or misplaced by Defendant. *See* Complaint;

5. That in Plaintiffs' initial Rule 26(a)(1) disclosures, filed on May 20, 2008, Plaintiffs list their counsel, Richard K. Blundell, Esquire, in the underlying Wyoming Action;

6. That Plaintiffs' Disclosure of Expert Witnesses was filed with the court on July 9, 2009 (docket no. 75-5). In this disclosure, Plaintiffs list on page 3 paragraph 3 Richard K. Blundell, Esquire, as an expert witness. Mr. Blundell's endorsement states as follows:

> Mr. Bundell is an attorney licensed to practice law in the State of Colorado, and is one of the attorneys who represented Plaintiffs Russell and Jennifer Johnson in the underlying litigation. Mr. Blundell was admitted to practice law in Colorado in 1980, and to the bar of the United States

3

District Court for the District of Colorado in 1984 and the Tenth Circuit in approximately 1990. He has been practicing tort litigation in Colorado since 1980, and his practice consists of personal injury, workers compensation, bankruptcy, Social Security disability and employment matters. He is a member of the Colorado Trial Lawyers Association and the American Association of Justice, in addition to the Colorado Bar Association.

Mr. Blundell has not been retained nor specifically employed to provide expert testimony in this case, but rather may be called to testify regarding his role in the handling of the underlying litigation on behalf of Russell and Jennifer Johnson against Zimmerman Trucking and Michael Dellock. While it is anticipated that most of Mr. Blundell's testimony in that regard would constitute factual, as distinct from expert, testimony, it is possible that his responses to questions will rely, in part, upon his knowledge, training and experience as a practicing lawyer, and therefore would constitute expert testimony.

Mr. Blundell is expected to testify that the loss of the taillights from the Johnson accident vehicle and trailer, and the Wyoming Federal District Court's eventual Order precluding the testimony of Plaintiffs' experts and even the Wyoming State Patrolman regarding the results of their separate evaluations and hot shock testing of the taillights was a devastating blow to the Plaintiffs' case. Mr. Blundell's is of the opinion that the case was clearly a policy limits case prior to the Wyoming federal district court entering its order based upon Liberty Mutual's apparent loss of the taillights, which loss of critical evidence had the effect of preventing the Defendants' and their insurance company's independent evaluation and retesting of the lights. For these reasons, Russell and Jennifer Johnson, and their co-plaintiffs Alva and Joyce Colby, settled their claims for considerably less than the value they would have had if the taillight evidence had been preserved by Liberty Mutual, and been available for evaluation and retesting, and ultimately introduction into evidence at trial. Specifically, the Johnsons settled their claims for $350,000 and the Colbys settled their claims for $50,000.

**Mr. Blundell is expected to rely upon documents from his office's file for purposes of refreshing his recollection**

   **and supporting his opinions, in addition to his own recollection of events.  He may review any opinions or other testimony to be offered by any expert disclosed by Defendant, which review may cause him to alter, amend or supplement the opinions summarized herein."**

(Emphasis in bold added);

7. That jurisdiction in this case is based on diversity of citizenship.  *See* Complaint.  Consequently, state law supplies the rule of decision on attorney-client privilege issues.  Frontier Refining Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695, 699 (10th Cir. 1998).  By contrast, the work product immunity is governed, even in diversity cases, by the uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3).  Id. at 702 n.10;

8. That the attorney client privilege "extends to confidential communications by or to the client in the course of gaining counsel, advice, or directions with respect to the client's rights or obligations." American Economy Ins. Co. v. Schoolcraft, MD, 2007 WL 12299308, *3 (D. Colo. Apr. 25, 2007) (quotations and citation omitted).  "In addition, however: '[t]he attorney-client privilege is not an absolute privilege and may be waived by the client.  Any waiver must be demonstrated by evidence that the client, by words or conduct, has expressly or impliedly forsaken his or her claim of confidentiality with respect to the information in question and, thus, has consented to its disclosure.'" Id. (quotations and citation

5

omitted). The burden of proving wavier of the attorney-client privilege is on the party seeking to overcome the privilege in the case. People v. Madera, 112 P.3d 688, 690 (Colo. 2005);

9. That the factual circumstances surrounding a privileged communication are not privileged. The date on which a privileged communication took place, and the people involved in the communication generally are not privileged. A document is protected by the work product doctrine if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential. Resolution Trust Corp. v. Heiserman, 151 F.R.D. 367, 373 (D.Colo. 1993); Fed. R. Civ. P. 26(b)(3). A party asserting a privilege has the burden of establishing that the privilege is applicable. Id.;

10. That in Mountain States Telephone and Telegraph Co. v. DiFede, 780 P.2d 533, 543 (Colo. 1989), the Colorado Supreme Court recognized the "in issue" exception to the attorney-client privilege: "Although we have not directly addressed this issue before, it is clear from our review of cases from other states that by placing in issue a confidential communication going directly to the claim or defense, a party impliedly waives the attorney-client privilege with respect to that communication." Id. See American Economy Ins. Co. v. Schoolcraft, MD, 2007 WL 12299308, *3-4 (D. Colo. Apr. 25, 2007);

6

11. That Plaintiffs have impliedly waived their attorney-client privilege with respect to Richard K. Blundell, Esquire, through their Complaint in this case by alleging that they compromised the value of their claims in the Wyoming Litigation because of Defendant's inability to produce the taillights which resulted in adverse evidentiary rulings by the Wyoming court.  The Plaintiffs' communication with Mr. Blundell bears directly on these issues and reasons that led to Plaintiffs' decision to compromise their Wyoming Litigation claims and voluntarily dismiss that action in exchange for $350,000 in settlement;

12. That as in the case of the attorney-client privilege, a litigant cannot use the work product doctrine as both a sword and shield.  *See* Frontier Refining, 136 F.3d at 704.  Consequently, I find that the protections of the work product immunity have been waived for the same reasons and to the same degree as was the attorney-client privilege.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Compel Plaintiffs' Production of Documents  (docket no. 75) is **GRANTED**.  Plaintiffs  shall provide Defendant all documents listed in the privilege log (i.e., all 271

7

pages) (docket no. 97) on or before November 13, 2009.

2. That each party shall pay their own attorney fees and costs.

Done this 23nd day of October 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S MAGISTRATE JUDGE